**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WARD ALAN GRAMS,

       Plaintiff-Appellant,

v.

STEVEN KAISER, Warden of CCA-
Davis Correctional Facility; KATHY
MILLER, Medical Director of CCA-
DCF; DR. RUKAB, Medical Doctor at
Oklahoma Memorial Hospital;
OFFICER STRINGFELLOW,
Correctional Officer for the Oklahoma
Department of Corrections a/k/a
Michael Stringfellow; DR. PUCKETT,
Medical Doctor at the Oklahoma
Memorial Hospital; JAMES SAFFLE;
Director of the Oklahoma Department
of Corrections; CONSTANCE SUE
YORK HOUGHTON, personal
representative of the Estate of
Michael A. Houghton, deceased,

       Defendants-Appellees.

No. 00-7101
(D.C. No. CIV-99-91-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Ward Alan Grams appeals the district court's ruling of August 10, 2000, granting defendants' motions to dismiss and for summary judgment on Grams' civil rights claims, filed pursuant to 42 U.S.C. § 1983.  Grams asserted Eighth Amendment violations, retaliation, and various state law claims in connection with the medical care he received after breaking his leg.  The parties are familiar with the underlying facts, as set out in the district court's order, and we decline to repeat them here.

We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291.  We review the district court's decision to dismiss certain defendants for lack of alleged or demonstrated participation in the alleged constitutional violations de novo as a dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  Similarly, we review de novo the district court's grant of summary judgment, based on its conclusion that Grams had not alleged or demonstrated deliberate indifference on

the part of the remaining defendants. *See Matson v. Burlington N. Santa Fe RR*, 240 F.3d 1233, 1234 (10th Cir. 2001).

On appeal, Grams asserts in a conclusory fashion that defendants have acted with deliberate indifference in treating his leg. He alleges that the denial of pain medications, specifically narcotic drugs, violates the Eighth Amendment. Because, he contends, private prison officials have a financial interest in cost cutting measures, that alone should preclude summary judgment. He asserts that the district court abused its discretion by failing to hold a hearing and by refusing his requests to compel discovery. Finally, he alleges the existence of a triable factual issue in regard to defendants' intent in his case, and contends that his transfer to a maximum security facility for just over two weeks without explanation supports his retaliation claim.

After careful review of the entire record on appeal in light of the above standards and the applicable substantive law, we conclude that, for substantially the reasons contained in the district court's order, the judgment of the district court is AFFIRMED. In light of the district court's rulings, it did not abuse its discretion in declining to exercise pendent jurisdiction over Gram's state claims,

failing to hold a hearing, or denying Grams' requests to compel discovery.  The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge